IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01702-RPM-CBS

MARIE ANDERSON,

    Plaintiff,

v.

CHERRY CREEK NORTH BUSINESS IMPROVEMENT DISTRICT a quasi-municipality; JULIE BENDER, CHERRY CREEK NORTH BUSINESS IMPROVEMENT DISTRICT PRESIDENT AND CEO, in her individual and official capacity,

    Defendants.

## DEFENDANTS' MOTION TO DISMISS

Defendants, Cherry Creek North Business Improvement District ("the District") and Julie Bender by and through counsel, Cathy Havener Greer and William T. O'Connell, III, of Wells, Anderson & Race, LLC, and pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), request an order of the Court dismissing Plaintiff's First Amended Complaint and Demand for Jury Trial [CM/ECF Docket #2] against them and as grounds therefor state the following:

### CERTIFICATE OF COMPLIANCE WITH D.C. COLO. LCivR 7.1

Because the deficiencies in Plaintiff's First Amended Complaint and Demand for Jury Trial are not correctable by amendment, undersigned counsel did not confer with Plaintiff's counsel prior to filing this Motion.

## ALLEGATIONS & PROCEDURAL HISTORY

On September 8, 2011 Plaintiff filed her First Amended Complaint and Demand for Jury Trial ("Complaint") asserting nine claims for relief against the District and Julie Bender in her official and individual capacities. Specifically, Plaintiff asserts the following claims for relief all of which arise out of her termination as the District's Director of Finance and Administration in December 2009: 1) Violation of the Age Discrimination and Employment Act ("ADEA")(First Claim for Relief); 2) Violation of the Colorado Anti-Discrimination Act (Second Claim for Relief); 3) Violation of the ADEA – Retaliation (Third Claim for Relief); 4) Wrongful Discharge in Violation of Public Policy (Fourth Claim for Relief); 5) Violation of the Colorado State Employee Protection Act (Fifth Claim for Relief); 6) Violation of Denver City and County Employee Protection, Denver Municipal Code (Sixth Claim fir Relief); 7) Negligent Supervision (Seventh Claim for Relief); 8) Wrongful Termination (Eighth Claim for Relief) and 9) Deprivation of Due Process (Ninth Claim for Relief). On September 15, 2011, the District and Ms. Bender, by and through counsel, executed a Waiver of Service of Summons.[1]

For the reasons described below, Plaintiff has failed to state a claim against either the District or Ms .Bender under any of the nine theories she asserts. Accordingly, Plaintiff's Complaint against the District and Ms. Bender should be dismissed in its entirety with prejudice.

---

[1] Because Plaintiff has named the District as an individual defendant, all claims against Ms. Bender in her official capacity should be dismissed with prejudice because it is superfluous and redundant for Plaintiff to name Ms. Bender in her official capacity. See, e.g., *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (in which file Supreme Court recognized that claims against public employees in their official capacity are claims against the public entity, itself).

## STANDARD

**Fed. R. Civ. P. 12(b)(1)**

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution or Congress have granted them authority to hear. See *Raccoon Recovery, LLC v. Navoi Mining & Metallurgical Kombinat*, 244 F. Supp.2d 1130, 1136 (D. Colo. 2002) citing *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir.1994). Rule 12(b)(1) empowers a federal court to grant a motion to dismiss if the court does not have subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Sovereign immunity under the CGIA presents a question of subject matter jurisdiction. See *Dobson v. City & County of Denver*, 81 F.Supp.2d 1080, 1087 (D. Colo. 1999) citing *Swieckowski v. City of Fort Collins*, 934 P.2d 1380, 1383-84 (Colo. 1997). Furthermore, discovery must be stayed. See C.R.S. § 24-10-108 (providing that, if a public entity raises the issue of sovereign immunity prior to or immediately after the commencement of discovery, the Court "shall" suspend discovery, except as necessary to decide the issue of immunity); see also *Szymanski v. Department of Highways of State of Colo.*, 776 P.2d 1124, 1125 (Colo. App. 1989) (affirming the trial court's suspension of discovery). The Court's decision on immunity "shall be a final judgment" from which Defendants are entitled to an immediate appeal. See C.R.S. § 24-10-108. In response to a Rule 12(b)(1) motion, the plaintiff bears the burden of proving jurisdiction and a court is empowered to resolve factual disputes when subject matter jurisdiction is challenged.

**Fed. R. Civ. P. 12(b)(6)**

In *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court re-visited the standard governing dismissal of complaints under F.R.C.P. 12(b)(6) and the

Court's earlier decision in *Conley v. Gibson,* 355 U.S. 41 (1957). Although the specific issue before the *Twombly* Court was the proper standard for pleading an antitrust conspiracy through allegations of parallel conduct, the Court's treatment of Rule 12(b)(6) and its analysis of the standard of pleading that is sufficient to state a claim for relief in federal court is relevant to Defendants' Motion to Dismiss and supports their arguments that Plaintiff's allegations fail to state cognizable claims for relief. While recognizing that a complaint subject to attack by a Rule 12(b)(6) motion to dismiss need not have detailed factual allegations, the Court observed that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." Id. at 555. (citations omitted). In sum, to withstand a motion to dismiss under this new standard, a complaint must contain enough allegations of fact "to state a claim that is plausible on its face."

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT FAILS TO STATE ADEA CLAIMS AGAINST DEFENDANTS

For an employer to be subject to suit under the ADEA, that employer must be "a person engaged in commerce who has twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year." See 29 U.S.C. § 630(b). Here, Plaintiff's Complaint fails to allege that Defendants meet the definition of employer under the ADEA. Specifically, Plaintiff's Complaint fails to allege the number of individuals employed by Defendant during the time period relevant to Plaintiff's allegations. Nor can Plaintiff demonstrate consistent with her Rule 11 obligations that Defendant had 20 or more employees. In sum, Plaintiff's First and Third Claims for Relief contain nothing more than conclusory allegations which the *Twombly* Court found were not sufficient to survive a Rule

12(b)(6) motion to dismiss. See *Twombly,* 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."). As such, Plaintiff's First and Third Claims for Relief against the District and Ms. Bender should be dismissed with prejudice.

## II.  PLAINTIFF'S STATE LAW TORT CLAIMS ARE BARRED BY THE COLORADO GOVERNMENTAL IMMUNITY ACT

The Colorado Governmental Immunity Act ("CGIA") establishes sovereign immunity for all public entities and public employees to all actions in tort, or which could lie in tort, except as "specifically provided" under the CGIA. Defendant Cherry Creek North Business Improvement District is a public entity, C.R.S. § 24-10-103(5) and Ms. Bender is a public employee, C.R.S. § 24-10-103(4)(a). *Fogg v. Macaluso*, 892 P.2d 271, 273 (Colo. 1995); see also C.R.S. §§ 24-10-101, et seq. With respect to tort claims against public entities, the relevant provision of the CGIA, C.R.S. § 24-10-106(1) states as follows:

> A public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant except as provided otherwise in this section.

With respect to tort claims against public employees/officials, the relevant provisions of the CGIA, C.R.S. § 24-10-118 (2)(a) states in pertinent part as follows:

> A public employee shall be immune from liability in any claim for injury, whether brought pursuant to this article, section 29-5-111, C.R.S., the common law, or otherwise, which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant and which arises out of an act or omission of such employee occurring during the performance of his duties and within the scope of his employment unless the act or omission causing such injury was willful and wanton...

In any action alleging that an act of a public employee/official was willful and wanton, "the specific factual basis of such allegations shall be in the complaint." See C.R.S. 24-10-

110(5)(a). Failure to plead the factual basis results in dismissal for failure to state a claim. See C.R.S. 24-10-110(5)(b).

Although six legislatively-created exceptions to immunity exist, none applies to Plaintiff's three state law tort claims nor does Plaintiff allege willful and wanton conduct. See C.R.S. § 24-10-106(1)(a)-(g) (setting out specific situations in which immunity is deemed to be waived); see also *Holland v. Board of County Comm'rs of County of Douglas*, 883 P.2d 500, 508 (Colo. App. 1994) (affirming dismissal of a wrongful discharge claim brought against a public entity on grounds that no statutory exception applies). The only way for Plaintiff to overcome the CGIA is to prove that immunity was waived. See *Swieckowski*, 934 P.2d at 1384; see also *City of Colorado Springs v. Powell*, 48 P.3d 561, 563 (Colo. 2002) (an injured plaintiff has the burden of establishing that immunity under the CGIA has been waived). Here, Plaintiff does not claim that the District expressly waived immunity. See *American Employers Ins. Co. v. Board of County Comm'rs*, 547 F.2d 511, 519 (10th Cir. 1976) (affirming dismissal of a tort claim asserted against a county where immunity under the CGIA was not waived).

Because Plaintiff's three tort claims do not fall within any of the enumerated areas for which sovereign immunity is waived by the CGIA, Plaintiff's Fourth, Seventh and Eighth Claims for Relief against the District and Ms. Bender should be dismissed with prejudice for lack of subject matter jurisdiction.

### III. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER THE COLORADO STATE EMPLOYEE PROTECTION ACT

For an employee to be covered under the provisions of the State Employee Protection Act, the person must be employed by a state agency. See C.R.S. § 24-50.5-102(3). State agency is defined as a "board, commissions, department, division, section or other agency of the

executive, legislative, or judicial branch of state government." See C.R.S. § 24-50.5-102(4). Here, it is undisputed that Plaintiff was not employed by a state agency. Defendant Cherry Creek North Business Improvement District is a business improvement district formed by a municipality under C.R.S. § 31-25-1201 et seq. Thus, the State Employee Protection Act does not apply to Plaintiff. Accordingly, Plaintiff's Fifth Claim for Relief should be dismissed with prejudice.

### IV.     PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF DENVER CITY AND COUNTY EMPLOYEE PROTECTION

For an employee to be covered under the provisions of the Denver City and County Employee Protection, Denver Municipal Code, the person must be employed by the City and County of Denver. See Denver Municipal Code, Sec. 2-106 – 2-108. Here, it is undisputed that Plaintiff was not employed by the City and County of Denver. She was employed by Defendant Cherry Creek North Business Improvement District, see C.R.S. § 31-25-1212(1)(m) and First Amended Complaint at ¶¶ 7 and 13. Thus, the Denver Municipal Code does not apply to Plaintiff. Accordingly, Plaintiff's Sixth Claim for Relief should be dismissed with prejudice.

### V.      PLAINTIFF'S COMPLAINT FAILS TO STATE A DUE PROCESS CLAIM PURSUANT TO 42 U.S.C. § 1983

In order to establish a violation of her procedural due process rights, Plaintiff must establish by a preponderance of the evidence that: (1) she possesses a protected interest to which due process protection was applicable, (2) she was not afforded an appropriate level of process. *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998) (citation omitted). To properly allege a violation of her procedural due process rights, therefore, Plaintiff must first demonstrate that she had a protected property interest. *Id.* " 'The existence of a property interest

is defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and support claims of entitlement to those benefits.' " *Id.*, citing inter alia *Driggins v. City of Oklahoma City*, 954 F.2d 1511, 1513 (10th Cir. 1992) (internal quotations omitted). It is well established that at-will employees lack a property interest in continued employment. *Bishop v. Wood*, 426 U.S. 341, at 345 n. 8, 345-347 (1976). Under Colorado law, an at-will employee "generally may be discharged at any time without cause or formal procedure." *Johnson v. Jefferson County Bd. of Health*, 662 P.2d 463, 471 (Colo.1983).

Plaintiff's Ninth Claim for Relief fails to provide any grounds for her entitlement to relief under a due process theory. Indeed, Plaintiff's Ninth Claim fails to provide the constitutional provision relied upon in asserting that her due process rights were violated. At paragraph 148 of her Ninth Claim, Plaintiff generically references the governing statute for Business Improvement Districts, C.R.S. § 31-25-1201, et seq. However, no provision of the governing statute provides that an employee of a Business Improvement District is entitled to any level of process before termination. Plaintiff's Ninth Claim contains nothing more than conclusory allegations which the *Twombly* Court found were not sufficient to survive a Rule 12(b)(6) motion to dismiss. See *Twombly,* 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions.")

To the extent that Plaintiff's Section 1983 claim is brought against the District, it is well established that a local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). In other words, a municipality cannot be held liable under Section 1983 based on a respondeat

superior theory. *Id*. Local governments may be sued under Section 1983 for constitutional deprivations resulting from a governmental custom, policy statement, ordinance, regulation, or decision officially adopted and promulgated by the public entity. *Id.* at 694. Absent such an underlying policy or custom, a municipality cannot be held liable under Section 1983.

In *Monell*, the Supreme Court explicitly rejected the notion of governmental entity liability based on either a respondeat superior or vicarious liability theory. *Id*. at 694. Instead, "[t]o establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). The Supreme Court has described the requirements that a plaintiff must meet to impose public entity liability in the following terms:

> [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

To the extent Plaintiff asserts her Section 1983 claim against the District, Plaintiff's Complaint completely fails to allege the existence of an unconstitutional custom or policy on behalf of the District and the requisite causal link between the District's actions/policies and the constitutional deprivations.

In sum, Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 against the District and Ms. Bender in her individual capacity. Accordingly, Plaintiff's Ninth Claim for Relief against these Defendants should be dismissed with prejudice.

## VI. PLAINTIFF'S CLAIM FOR VIOLATION OF THE COLORADO ANTI-DISCRIMINATION ACT SHOULD BE DISMISSED

The primary purpose of the Colorado Anti-Discrimination Act ("CADA") is to eradicate discrimination in the workplace, and individual remedies are only an incidental factor in the statute's design. *Brooke v. Rest. Services, Inc.*, 906 P.2d 66, 70 (Colo. 1995). Accordingly, CADA does not provide for an award of compensatory damages and CADA complainants do not have the right to a trial by jury or to an award of attorney's fees and costs. See e.g., C.R.S. § 24-34-402.5; *Brooke,* 906 P.2d at 70. In any event, because Plaintiff's federal claims are subject to dismissal for the reasons described in this Motion, the court should decline to exercise its supplemental jurisdiction, under 28 U.S.C. § 1367, over Plaintiff's CADA claim and Plaintiff's CADA claim should be dismissed with prejudice.

## VII. DEFENDANT BENDER IS ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO PLAINTIFF'S SECTION 1983 DUE PROCESS CLAIM BECAUSE PLAINTIFF'S ALLEGATIONS FAIL TO SHOW THAT MS. BENDER VIOLATED A CLEARLY ESTABLISHED FEDERAL CONSTITUTIONAL RIGHT

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a public official asserts a qualified immunity defense, Plaintiff bears a "heavy burden" under a two-pronged analysis. *Buck v. City of Albuquerque*, 549 F.3d 1269, 1277 (10th Cir. 2008). Under the first prong, the plaintiff must "establish that the defendant's actions violated a constitutional or statutory right," *Smith v. Cochran*, 339 F.3d 1205, 1211 (10th Cir. 2003) (quoting *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1185 (10th Cir. 2001)). Under the second prong, the plaintiff must

establish that the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), overruled on other grounds by *Pearson v. Callahan*, 129 S. Ct. 808 (2009). The practical effect of *Pearson's* directive on the qualified-immunity analysis is that a Plaintiff cannot prevail unless both prongs are adequately established; however, for a defendant to prevail, inadequacy with respect to either prong will suffice. See *Shroff v. Spellman*, 604 F.3d 1179 (10th Cir. 2010).

Here, Plaintiff's allegations fail to establish that her constitutional right to due process was violated in the first instance. Should the court determine that Plaintiff established her burden that Ms. Bender's actions violated her constitutional right to due process, Ms. Bender is nevertheless entitled to qualified immunity for lack of a clearly established law that her allegations constitute a constitutional violation of her due process rights. In light of the above, Ms. Bender is entitled to qualified immunity and Plaintiff's Section 1983 Due Process claim (Ninth Claim for Relief) against her in her individual capacity should be dismissed with prejudice.

## CONCLUSION

Plaintiff's allegations fail to state any cognizable claims for relief against Cherry Creek North Business Improvement District and Julie Bender in her individual capacity. Accordingly, Plaintiff's First Amended Complaint and Demand for Jury Trial against Defendants Cherry Creek North Business Improvement District and Julie Bender should be dismissed in its entirety with prejudice.

Dated this 7th day of November 2011.

                Respectfully submitted,

                *S/ Cathy Havener Greer*_____
                Cathy Havener Greer
                William T. O'Connell, III
                Wells Anderson & Race, LLC
                1700 Broadway, Suite 1020
                Denver, CO 80290
                T: 303-830-1212
                E-mail: cgreer@warllc.com; woconnell@warllc.com

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that on November 7, 2011, I electronically filed the foregoing **DEFENDANTS' MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

JoAnne Hagen, Esq.
Robert J. Herrera, Esq.
Timothy G. McCarthy, Esq.
Email: joanne@h-mlegal.com
Email: Robert@h-mlegal.com
Email: Timothy@h-mlegal.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participants name:

Via Electronic Mail:
Cherry Creek North Business Improvement District
Julie Bender

                *S/ Barbara McCall*
                Barbara McCall
                Email: bmccall@warllc.com