IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NUMBER.: 11-CV-01702-RPM-CBS

MARIE ANDERSON,

PLAINTIFF,

v.

Cherry Creek North Business Improvement District a quasi-municipality; and Julie Bender, Cherry Creek North Business Improvement District President and CEO in her individual and official capacity,

DEFENDANTS.

---

**PLAINTIFFS RESPONSE IN OPPOSITION TO MOTION TO DISMISS**

---

Plaintiff, Marie Anderson hereinafter ("Ms. Anderson"), by and through undersigned counsel, hereby responds to Defendant's Motion to Dismiss as follows:

**I.**

**BACKGROUND**

This dispute arises from Defendant Cherry Creek North Business Improvement District's termination of Plaintiff's employment as the District's Director of Finance and Administration in December of 2009. As set forth in the Complaint Ms. Anderson alleges nine claims for relief:

1. Violation of the Age Discrimination Employment Act;
2. Violation of the Colorado Anti-Discrimination Act;
3. Violation of the American's Disability Employment Act;
4. Wrongful discharge and violation of public policy;
5. Violation of Colorado State Employee Protection Act;
6. Violation of Denver City and County Employee Protection, Denver Municipal Code;
7. Negligent Supervision;
8. Wrongful Termination; and
9. Deprivation of Due Process.

Defendants have moved to dismiss Plaintiff's claims, arguing (1) Plaintiff fails to state an ADEA Claim; (2) Plaintiff's state law tort claims are barred by the Colorado Governmental Immunity Act (3) Plaintiff's complaint fails to state a claim under the Colorado State Employee Protection Act; (4) Plaintiff's Complaint fails to state a claim for violation of Denver City and County Employee Protection; (5) Plaintiff's Complaint fails to state a due process claim pursuant to 42 U.S.C. §1983; (6) Plaintiff's claim for Colorado Anti-Discrimination should be dismissed; and (7) Defendant Bender is entitled to qualified immunity with respect to Plaintiff's §1983 Due Process Claims.

For the reasons set forth below, Defendants Motion must be denied.

## II.

## STANDARD OF REVIEW

As Courts of limited jurisdiction, Federal Courts may only adjudicate cases the constitution and congress have granted them authority to hear. See U.S. Const. Art. III. The Court is to apply a rigorous standard of review when presented with a motion to dismiss pursuant to Fed. R. Civ. P.12 (b)(1) for lack of subject matter jurisdiction. *Consumer Gas and Oil, Inc., v. Farmland Indus. Inc.*, 815 F. Supp. 1403, 1408 (D.Colo. 1992). "[T]he party invoking Federal jurisdiction bears the burden of proof." *Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305 (10th Cir. 1999).

"Motions to Dismiss pursuant to Rule 12(b)(1) may take two forms." *Amoco Production, Co. v. Aspen Group*, 8 F.Supp. 2d 1249, 1251 (D.Colo. 1998). First, a party may attack the factual sufficiency of the complaint and the Court must accept the allegations of the Complaint as true. *Id.* Second, a party may attack the factual assertions regarding subject matter jurisdiction through affidavits and other documents and the Court has "wide discretion to allow affidavits and other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Defendants have elected to challenge the factual assertions of the Complaint and the subject matter jurisdiction of this Court.

## III.

## DISCUSSION AND ARGUMENT

**1. Plaintiff's complaint is sufficient to survive a Motion to Dismiss.**

The Plaintiff is cognizant of the requirements for an ADEA employer to be found liable requires the employer to be "a person engaged in commerce who has twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year." 29 U.S.C. §630 (b). Plaintiff's omission of the number of employees Defendant employed is an avoidance of a formulaic recitation of the cause of action elements. Defendant summarily states in its motion that Plaintiff will be unable to demonstrate that Defendant had twenty or more employees. Defendant's assertion lacks any factual grounds, supporting documentation, or affidavits. In sum, Defendants assertion is a conclusiory statement without support. Therefore, Plaintiff's first and third claims for relief against Defendants District and Defendant Ms. Bender should remain intact.

**2. Plaintiff's state law claims are not precluded by the Colorado Governmental Immunity Act.**

The "CGIA grants public entities immunity from only actions for injuries which lie or could lie in tort; not from other types of actions" such as equitable claims or contract claims. *City of Colo. Springs v. Connors*, 993 P.2d 1167, 1173 (Colo. 2000). Defendants correctly assert governmental immunity may only be overcome by establishing one of the six legislatively created exemptions or alleging willful and wanton conduct. Defendant however incorrectly

states allegations of willful and wanton conduct is absent from the Complaint. Exemption to the governmental immunity exists where the tortious action is accompanied by circumstances of willful or wanton conduct. Plaintiff's complaint is replete with examples of Defendant District and Defendant Benders willful and wanton conduct after Plaintiff refused to unlawfully terminate a District employee at the direction of Defendant Bender. Defendant Bender willfully and wantonly revoked some of Plaintiff's prior job duties and responsibilities and began to give unwarranted and undeserved criticism of Plaintiff's work product. *See* First Amended Complaint ¶32, 33. Additionally, Ms. Anderson lodged a formal complaint with the District Board concerning Defendant Bender's treatment of other employees. The formal complaint was lodged on or about September 9, 2009. *See* First Amended Complaint ¶46. After the formal complaint was lodged by Plaintiff, Defendant Bender revoked Ms. Anderson's independent decision making capabilities. *See* First Amended Complaint ¶53. As the District Board haphazardly investigated Plaintiffs complaints concerning Ms. Bender, the District permitted Defendant Bender to directly participate in the investigation into complaints made directly against her. The District Board permitted Defendant Bender to oversee the investigation including scheduling interviews conducted by Jim Hyatt. *See* First Amended Complaint ¶81. After submission of Plaintiff's complaint, Defendant District Board members met with and continued to communicate with Defendant Bender concerning the Complaint and investigation. District Board members instructed Defendant Bender how to handle the investigation and provided additional direction with respect to handling the complaint of Plaintiff. The District Board, however, communicated to Plaintiff that the Board was unable to get involved in District employee matters. *See* First Amended Complaint ¶83. The Complaint is sufficiently plead to allege willful

and wanton conduct on the part of Defendants District and Defendants Bender. The willful and wanton conduct as alleged overcomes CGIA immunity. Therefore, Plaintiff's fourth, seventh and eighth claims for relief against Defendants District and Defendant Bender should remain intact.

### 3. Plaintiff's Complaint establishes a claim under the Colorado State Employee Protection Act.

Plaintiff concedes for an employee to be protected under the state employee protection act the employee must be employed by a state agency. Defendant asserts that it should not be considered "other agency" of the state government for purposes of the Colorado State Employee Protection Act. Plaintiff does not agree. In 1988, the state legislature enacted the Business Improvement District Act which permits the creation of Business Improvement Districts (BIDs) within their boundaries. Under section 31-25-1205, a municipality may form a BID if it receives a petition signed by persons who own real or personal property equal to at least fifty percent of both the assessed valuation of the service area and the total acreage in the proposed district. The "service area," defined in section 31-25-1203(10), is the area within the boundaries of the district. The district consists of all commercial property located in the service area and includes property in the service area which later is changed from residential or agricultural property to commercial property. *Id.* Pursuant to section 31-25-1213, the BID may raise revenue by levying an *ad valorem* tax upon all commercial property in the district. *Jensen v. City & County of Denver*, 806 P.2d 381, 383 (Colo. 1991). The Defendant District is supported and raises revenue by a mill levy tax on property owners within the District. Collection of mill levy or ad valorem tax is function of state actor/agency. In addition, Section 24-6-402(1), C.R.S. 2002, defines the entities subject to those open meeting requirements, including the following:

> (a) "Local public body" means any board, committee, commission, authority, or other advisory, policy-making, rule-making, or formally constituted body of any political subdivision of the state *and* any public or private entity to which a political subdivision, or an official thereof, has delegated a governmental decision-making function but does not include persons on the administrative staff of the local public body.
>
> ....
>
> (c) "Political subdivision of the state" includes *but is not limited to,* any county, city, city and county, town, home rule city, home rule county, home rule city and county, school district, special district, local improvement district, special improvement district, or service district.
>
> (d) "State public body" means any board, committee, commission, or other advisory, policy-making, rule-making, decision-making, or formally constituted body of any state agency, state authority, governing board of a state institution of higher education including the regents of the university of Colorado, a [certain type of] nonprofit corporation ... or the general assembly, *and* any public or private entity to which the state, or an official thereof, has delegated a governmental decision-making function but does not include persons on the administrative staff of the state public body.

See *Free Speech Def. Comm. v. Thomas,* 80 P.3d 935, 937 (Colo. Ct. App. 2003). Due to Defendant Districts' statutorily created ability to levy tax on property owners within the boundaries of the district and the District's requirement to adhere to the Colorado Open Meetings Act, the Defendant District should also be subject to the State Employee Protection Act. Thus Plaintiff's fifth claim for relief should stand.

### 4. Plaintiff's Complaint establishes a claim under the Denver City and County Employee Protection Act.

Defendant's argue the Denver Municipal Code does not apply to Plaintiff because the Business Improvement statute C.R.S. § 31-25-1212(1)(m) authorizes the District to hire employees rather than Denver municipality hiring Plaintiff itself. Plaintiff does not agree. The BID was formed under C.R.S. § 31-25-1205 by the Denver City and County. The formation of the BID is an extension or quasi-municipality of the Denver City and County and as such the

employees of the BID are subject and protected by the Denver City and County Employee Protection Act. By and for example, if the State of Colorado were to approve an additional state supported college. Said college would be authorized to hire faculty without the approval or consent from the State of Colorado. If said faculty deprives a student of due process, student would have an actionable claim against faculty, college, and the State of Colorado. Likewise, Workers Compensation Laws in Colorado have been construed to hold municipalities liable for injuries sustained by contractors to perform a job or service to the municipality. To exempt the Defendant BID from the very laws that were enacted to help create the BID would be an unjust result. Thus Plaintiff's sixth claim for relief should stand.

### 5. Plaintiff's Complaint adequately states a due process claim pursuant to 42 U.S. C. §1983.

Plaintiff concedes in the wake of *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544 (2007), all Plaintiffs are subject to a heightened pleading standard. However, a complaint does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id* at 570.

To maintain a 42 U.S.C. §1983 claim Plaintiff must plead and prove deprivation of constitutional or federal rights by state actor. Defendants argue the Complaint is not sufficiently pled. Plaintiff's employment with Defendant District is protected against discriminatory and unlawfully concerted activities taken against her by Defendant Bender and The District Board. As outlined in the Complaint Plaintiff declined to follow the instructions of Defendant Bender to unlawfully terminate an employee on two occasions. Plaintiff lodged a formal complaint against

Defendant Bender to the District Board. The investigation of the District Board resulted in concerted efforts to remove Plaintiff from continued employment with the District. Plaintiff was entitled to at the very least progressive discipline, the policy of the District, and at the other end of the spectrum full notice and an opportunity to be heard prior to her termination with the District. Instead on or about December 8, 2009, The District terminated Ms. Anderson's employment with the District by letter dated December 4, 2009 via courier sent to Ms. Anderson's home. The letter informed Ms. Anderson, she was to remain employed with the District until December 31, 2009. *See* Complaint ¶ 89.

Defendant further alleges local governments are immune from §1983 suits, and for support rely on case law from 1978. Case law in this area has evolved. See *Simmons v. Uintah Health Care Special Dist.*, 506 F.3d 1281, 1285 (10th Cir. 2007) finding a municipality is responsible for *both* actions taken by subordinate employees in conformance with preexisting official policies or customs *and* actions taken by final policymakers, whose conduct can be no less described as the "official policy" of a municipality.

Defendants here seek confirmation from this Court that the quasi-municipality may reign supreme avoiding liability from atrocious behavior with respect to long term employees over the age of 40. Defendants seek justification of wrongfully terminating Plaintiff under the cloak of Governmental immunity and ask the Court to dismiss implementing standards and applicable law Federal, State and private employers must adhere to. Plaintiff properly states a claim against Defendant Cherry Creek and Defendant Bender under 42 U.S.C. §1983. Accordingly, Plaintiff's ninth claim for relief against Defendants should stand.

To establish personal liability on the merits of a 1983 action, it is enough to show the official acting under color of state law, caused the deprivation of rights. *Monroe v. Pape*, 365 U.S. 167 (1961). Once Defendant Bender became aware Plaintiff was not going to unlawfully terminate a District Employee at Defendant Bender's request and Plaintiff lodged a formal complaint to the District Board concerning Defendant Bender, Defendant Bender took steps as outlined in the Complaint calculated to result in Plaintiff's termination including revoking Plaintiff's Human Resource duties, Complaint ¶76, denying Plaintiff access to files and her own office, Complaint ¶ 77, and *ex parte* communications with the District Board and Investigator during an Investigation into Defendant Bender's own conduct. Judgments against a public servant in his official capacity impose liability on the entity that he or she represents. *Brandon v. Holt*, 469 U.S. 464 (1985).

### 6. Plaintiff's complaint states an actionable claim for violations of the Colorado Anti-discrimination Act.

Defendants assert Plaintiff's CADA claim should also be dismissed because Defendant believes all of Plaintiff's Federal claims are subject to dismissal. Thus, under Defendants logic, should any of Plaintiff's Federal Claims remain intact so to should Plaintiff's CADA claims. Defendant has failed to provide this Court with sound reasoning supported by any case law to support Defendants contention the CADA claims should be dismissed. The Federal Courts in their sound discretion may exercise supplemental jurisdiction to address CADA claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009). *Osborn v. Haley*, 549 U.S. 225, 245 (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction"); *Arbaugh v. Y &*

*H Corp.*, 546 U.S. 500, 514 (2006), ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims"); see also 13D C. Wright, A. Miller, E. Cooper, & R. Freer, Federal Practice and Procedure § 3567.3, pp. 428-432 (3d ed. 2008), ("Once it has dismissed the claims that invoked original bases of subject matter jurisdiction, all that remains before the federal court are state-law claims .... The district court retains discretion to exercise supplemental jurisdiction [over them]"). Based on the foregoing reasons, Plaintiff's second claim for relief should remain intact.

### 7. Defendant Bender is not immune from a § 1983 claim.

Contrary to Defendants assertion governmental officials are not generally shielded from civil liability while performing their governmental duties and when the claims allege willful and wanton conduct. *Middleton v. Hartman*, 45 P.3d 721, 728 (Colo. 2002). Sovereign immunity afforded to the state extends to public officials when the state is the real party against which relief is sought. *Edelman v. Jordan*, 415 U.S. 651, 663, (1974). However, sovereign immunity does not foreclose an action against an individual state official, in his or her individual capacity, seeking damages solely from the individual state official, and not from the state treasury. *Id.* at 757, 94 S. Ct. 1347.

## CONCLUSION

Plaintiff's complaint containing nine causes of action against Defendant has met the heightened pleading standards of *Twombly* and its' progeny. Therefore, Plaintiff's allegations

11

contained in the First Amended Complaint and demand for Jury Trial should remain unaffected by Defendant's Motion to Dismiss. Defendants Motion to Dismiss should be denied in its entirety.

Should this Court disagree with Plaintiff's position and dismiss any of Plaintiff's causes of action, dismissal should be made without prejudice affording Plaintiff the opportunity to leave and amend the Complaint within thirty days of the Court's Order. Leave to Amend pleadings should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Respectfully submitted this 28th Day of November, 2011.

/s Robert J. Herrera
JoAnne Hagen, Esq. #26380
Robert J. Herrera, Esq. #37093
Timothy G. McCarthy, Esq. #35533
HAGEN & MELUSKY, INC.
1613 Pelican Lakes Point
Suite B, Lower Level
Windsor, Colorado 80550
Phone: 970-686-6618
Fax: 970-686-2899
Email: joanne@h-mlegal.com
Email: Robert@h-mlegal.com
Email: Timothy@h-mlegal.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of November, 2011, a true and correct copy of the above and foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS was electronically filed with the Clerk of Court using the CM/ECF systems, which will send notification of such filing to the following:

William T. O'Connell, III.
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
woconnell@warllc.com

/s Michelle L. Wardell
Michelle L. Wardell