IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01702-RPM-CBS

MARIE ANDERSON,

    Plaintiff,

v.

CHERRY CREEK NORTH BUSINESS IMPROVEMENT DISTRICT a quasi-municipality; JULIE BENDER, CHERRY CREEK NORTH BUSINESS IMPROVEMENT DISTRICT PRESIDENT AND CEO, in her individual and official capacity,

    Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

---

Defendants, Cherry Creek North Business Improvement District ("the District") and Julie Bender by and through counsel, Cathy Havener Greer and William T. O'Connell, III, of Wells, Anderson & Race, LLC, submit their Reply in support of their Motion to Dismiss Plaintiff's First Amended Complaint and Demand for Jury Trial ("Motion to Dismiss") [CM/ECF Docket #4] as follows:

**INTRODUCTION**

In their Motion to Dismiss, Defendants established that Plaintiff's allegations fail to state any cognizable claims for relief against them. In her Response in Opposition to Motion to Dismiss ("Plaintiff's Response")[CM/ECF Docket #6], Plaintiff offers flawed legal reasoning and a host of disjointed arguments unsupported by any authority. In sum, Plaintiff fails to offer

any cogent reason for denying Defendants' Motion to Dismiss. Accordingly, Plaintiff's First Amended Complaint against Defendants should be dismissed in its entirety with prejudice.

## ARGUMENT

**I.   PLAINTIFF'S COMPLAINT FAILS TO STATE ADEA CLAIMS AGAINST DEFENDANTS**

Plaintiff's ADEA claims are only cognizable if Defendants meet the definition of employer under the ADEA. Specifically, Plaintiff must show pursuant to 29 U.S.C. § 630(b) that Defendants had "twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year." As set forth in the Motion to Dismiss, Plaintiff's Complaint fails to allege that Defendants meet the definition of employer under the ADEA because Plaintiff's Complaint fails to allege the number of individuals employed by Defendant during the time period relevant to Plaintiff's allegations. Moreover, Plaintiff cannot demonstrate consistent with her Rule 11 obligations that Defendant had 20 or more employees.

In her Response, Plaintiff minimizes the significance of the minimum employee threshold by arguing that her omission in stating the number of employees is merely an "avoidance of a formulaic recitation of the cause of action elements." (Plaintiff's Response, p. 4). Plaintiff's failure to allege in her Complaint that Defendants meet the definition of employer under the ADEA is far more than an avoidance of a formulaic recitation of the cause of action elements. Indeed, by failing to allege in her Complaint that Defendants meet the definition of employer under the ADEA, Plaintiff fails to state an ADEA claim against Defendants that is plausible on its face. In sum, Plaintiff's Complaint fails to state ADEA claims against Defendants. Accordingly, Plaintiff's First and Third Claims for Relief should be dismissed with prejudice.

## II. PLAINTIFF'S STATE LAW TORT CLAIMS ARE BARRED BY THE COLORADO GOVERNMENTAL IMMUNITY ACT

In her Response, Plaintiff argues that Ms. Bender's alleged willful and wanton conduct serves to waive the District's sovereign immunity under the Colorado Governmental Immunity Act ("CGIA")(Plaintiff's Response, pp. 5-6). Plaintiff's argument in this regard is simply incorrect.

A public entity is entitled to immunity under C.R.S. § 24–10–106 unless the Plaintiff's injuries result from one of the six legislatively created exceptions to immunity. See C.R.S. § 24-10-106(1)(a)-(g). If the actions of the public entity do not fall within one of the six legislatively created exceptions to immunity, a public entity cannot be deemed to have waived sovereign immunity even if willful and wanton conduct is alleged. See e.g., *Carothers v. Archuleta County Sheriff*, 159 P.3d 647, 654 (Colo. App. 2006); *Richardson v. Starks*, 36 P.3d 168 (Colo.App.2001); *Middleton v. Hartman*, 45 P.3d 721 (Colo.2002); *State Department of Highways v. Mountain States Telephone & Telegraph Co.,* 869 P.2d 1289 (Colo.1994). With respect to Plaintiff's state law tort claims against the District, none of the six legislatively created exceptions to immunity exists. Accordingly, Plaintiff's Fourth, Seventh and Eighth Claims for Relief against the District should be dismissed with prejudice for lack of subject matter jurisdiction.

With respect to Ms. Bender's immunity under the CGIA, Plaintiff argues that her Complaint is "replete with examples of Defendant Bender's willful and wanton conduct after Plaintiff refused to unlawfully terminate a District employee at the direction of Defendant Bender." (Plaintiff's Response, p. 5). Plaintiff then cites to the allegations contained in paragraphs 32, 33, 46, 53, 81 and 83 of her Complaint. (Plaintiff's Response, p. 5). None of the

paragraphs cited support Plaintiff's argument that her Complaint sufficiently alleges willful and wanton conduct against Ms. Bender.

Paragraphs 46 and 53 of Plaintiff's Complaint involve allegations related to Plaintiff lodging a complaint with the District's Board in September 2009 and Defendant Bender revoking Plaintiff's "independent decision making capabilities." Plaintiff does not address how these allegations show willful and wanton conduct. Allegations far more serious have been found to be insufficient to meet the standard for willful and wanton claims under the CGIA. See *O'Hayre v. Board of Educ. for Jefferson County School Dist. R-1,* 109 F.Supp.2d 1284, 1297 (D. Colo. 2000)(allegations by students that school board and school officials disciplined them without cause and subjected them to hyper vigilant scrutiny, stalking and false allegation fail to withstand the CGIA).

Paragraphs 81 and 83 involve allegations related to the actions of the District's Board. Allegations of this regard against the District cannot logically be imputed to Ms. Bender and in any event are not sufficient to meet the standard for willful and wanton claims under the CGIA. While paragraphs 32 and 33 of Plaintiff's Complaint contain the words "willfully and wantonly", Plaintiff's conclusory allegations that the actions of Ms. Bender were undertaken "willfully and wantonly" do not cure the deficiencies inherent in her state law tort claims against Ms. Bender because Plaintiff fails to address how these allegations show willful and wanton conduct. Plaintiff's insertion of the words "willfully and wantonly" in two isolated portions of her Complaint are not enough to overcome Ms. Bender's immunity under the CGIA. See e.g., *Wilson v. Meyer*, 126 P.3d 276 (Colo. App. 2006)(dismissing a state law tort complaint against a public employee when allegations of willful and wanton conduct were not supported by specific

factual allegations). In sum, Plaintiff's state law tort claims against Ms. Bender are barred by the CGIA. Accordingly, Plaintiff's Fourth, Seventh and Eighth Claims for Relief against Ms. Bender should be dismissed with prejudice for lack of subject matter jurisdiction.

**III. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER THE COLORADO STATE EMPLOYEE PROTECTION ACT**

In her Response, Plaintiff admits that in order for a person to be covered under the State Employee Protection Act, the person must be employed by a state agency. See C.R.S. § 24-50.5-102(3). Nevertheless, Plaintiff makes the unsupported leap of logic that the State Employee Protection Act should apply to her because the District has a "statutorily created ability to levy tax on property owners within the boundaries of the district" and the District is required to adhere to the Colorado Open Meetings Act. (Plaintiff's Response, pp. 6-7).

Plaintiff fails to cite any relevant case law or other authority in support of her argument that the State Employee Protection Act should apply to her simply because the District has the ability to levy taxes pursuant to the statute that governs Business Improvement Districts. With respect to Plaintiff's argument that the State Employee Protection Act should apply to her because the District is bound by the provisions of the Colorado Open Meetings Act, Plaintiff again fails to cite any relevant case law of other authority in support of same. Accepting Plaintiff's arguments would effectively render the definition of "state agency" in the State Employee Protection Act meaningless. In sum, the State Employee Protection Act does not apply to Plaintiff because she was not employed by a state agency. Accordingly, Plaintiff's Fifth Claim for Relief should be dismissed with prejudice.

IV.  **PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF DENVER CITY AND COUNTY EMPLOYEE PROTECTION**

In order to fend off dismissal of her claim under the Denver City and County Employee Protection Act, Plaintiff resorts to the same type of reasoning she utilizes with respect to her State Employee Protection Act claim. Specifically, Plaintiff makes the unsupported leap of logic that the provisions of the Denver City and County Employee Protection, Denver Municipal Code should apply to her because the District was "formed under C.R.S. § 31-25-1205 by the Denver City and County." (Plaintiff's Response, p. 7). Like her failure to cite any relevant case law or other authority in support of her argument that the State Employee Protection Act should apply to her, Plaintiff fails to cite any relevant case law or other authority in support of her argument that the Denver City and County Employee Protection Act should apply to her.

Plaintiff attempts to analogize her employment with the District with the creation of a state supported college and Colorado's workers compensation laws. (Plaintiff's Response, p. 8). It is difficult to decipher the precise nature and/or relevance of the arguments offered by Plaintiff in this regard. In any event, it is clear that the Denver Municipal Code does not apply to Plaintiff because she was not employed by the City and County of Denver. Accordingly, Plaintiff's Sixth Claim for Relief should be dismissed with prejudice.

V.  **PLAINTIFF'S COMPLAINT FAILS TO STATE A DUE PROCESS CLAIM PURSUANT TO 42 U.S.C. § 1983**

As set forth in Defendants' Motion to Dismiss, Plaintiff's Ninth Claim for Relief fails to provide any grounds for her entitlement to relief under a due process theory. Indeed, Plaintiff's Ninth Claim fails to provide the constitutional provision relied upon in asserting that her due process rights were violated. Moreover, no provision of the governing statute provides that an

employee of a Business Improvement District is entitled to any level of process before termination.

In her Response, Plaintiff largely fails to address the arguments offered by Defendants in their Motion to Dismiss. Instead, Plaintiff argues, with no citation to any relevant authority, that she was entitled to "at the very least progressive discipline" and "at the other end of the spectrum full notice and an opportunity to be heard prior to her termination with the District." (Plaintiff's Response, p, 9). Plaintiff's unfounded argument in this regard should be rejected.

With respect to Plaintiff's Section 1983 claim against the District, Plaintiff does not address in her Response the fact that her Complaint completely fails to allege the existence of an unconstitutional custom or policy on behalf of the District and the requisite causal link between the District's actions/policies and the constitutional deprivations. Instead, Plaintiff resorts to lofty pronouncements, more suitable for closing argument, that Defendants seek "confirmation from this Court that quasi-municipality may reign supreme avoiding liability from atrocious behavior with respect to long term employees over the age of 40." (Plaintiff's Response, p. 9). Notwithstanding Plaintiff's rhetoric, it is clear that Plaintiff's Complaint fails to state a Section 1983 claim against the District and Ms. Bender in her individual capacity. Accordingly, Plaintiff's Ninth Claim for Relief should be dismissed with prejudice.

## VI. PLAINTIFF'S CLAIM FOR VIOLATION OF THE COLORADO ANTI-DISCRIMINATION ACT SHOULD BE DISMISSED

Plaintiff does not dispute that CADA does not provide for an award of compensatory damages. Moreover, Plaintiff does not dispute that CADA complainants do not have the right to a trial by jury or to an award of attorney's fees and costs. As described in Defendants' Motion to Dismiss and this Reply, Plaintiff's federal and state law claims are all subject to dismissal.

Accordingly, the Court should decline to exercise its supplemental jurisdiction, under 28 U.S.C. § 1367, over Plaintiff's CADA claim and Plaintiff's CADA claim should be dismissed with prejudice.

### VII. DEFENDANT BENDER IS ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO PLAINTIFF'S SECTION 1983 DUE PROCESS CLAIM BECAUSE PLAINTIFF'S ALLEGATIONS FAIL TO SHOW THAT MS. BENDER VIOLATED A CLEARLY ESTABLISHED FEDERAL CONSTITUTIONAL RIGHT

In response to Ms. Bender's argument that she is entitled to qualified immunity, Plaintiff offers arguments relating to sovereign immunity. (Plaintiff's Response, p. 11). Plaintiff clearly does not understand the doctrine of qualified immunity and/or the arguments offered by Defendants with respect to Ms. Bender's entitlement to same. As set forth in Defendants' Motion to Dismiss, Plaintiff's allegations fail to establish that her constitutional right to due process was violated in the first instance. Should the court determine that Plaintiff established her burden that Ms. Bender's actions violated her constitutional right to due process, Ms. Bender is nevertheless entitled to qualified immunity for lack of a clearly established law that her allegations constitute a constitutional violation of her due process rights. Accordingly, Ms. Bender is entitled to qualified immunity and Plaintiff's Section 1983 Due Process claim (Ninth Claim for Relief) against her in her individual capacity should be dismissed with prejudice.

### CONCLUSION

For the reasons described above and in Defendants' Motion to Dismiss, Plaintiff's allegations fail to state any cognizable claims for relief against Cherry Creek North Business Improvement District and Julie Bender in her individual capacity. Accordingly, Plaintiff's First Amended Complaint and Demand for Jury Trial against Defendants Cherry Creek North

Business Improvement District and Julie Bender should be dismissed in its entirety with prejudice.

Dated this 12th day of December 2011.

>Respectfully submitted,
>
>*S/ Cathy Havener Greer*_____
>Cathy Havener Greer
>William T. O'Connell, III
>Wells, Anderson & Race, LLC
>1700 Broadway, Suite 1020
>Denver, CO 80290
>T: 303-830-1212
>E-mail: cgreer@warllc.com; woconnell@warllc.com

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that on December 12, 2011, I electronically filed the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

JoAnne Hagen, Esq.
Robert J. Herrera, Esq.
Timothy G. McCarthy, Esq.
Email: joanne@h-mlegal.com
Email: Robert@h-mlegal.com
Email: Timothy@h-mlegal.com

>*S/ Barbara McCall*
>Barbara McCall
>Email: bmccall@warllc.com